IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FELIX DAVILA,

                Petitioner

    v.

UNITED STATES OF AMERICA,

                Respondent

HONORABLE JEROME B. SIMANDLE

Civil No. 12-2412 (JBS)

**MEMORANDUM OPINION**

APPEARANCES:

Felix Davila
FEDERAL CORRECTIONAL INSTITUTE II BUTNER
P.O. Box 1600
Butner, NC 27509-1500
    Petitioner Pro Se

Paul J. Fishman
United States Attorney
By:  Howard Wiener
    Assistant U.S. Attorney
OFFICE OF THE U.S. ATTORNEY
401 Market Street
Camden, NJ 08101
    Attorney for the Respondent, United States of America

**SIMANDLE**, Chief District Judge:

    This matter comes before the Court on Felix Davila's petition
to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C.
§ 2255, challenging his sentencing by this Court on grounds of
ineffective assistance of counsel. [Docket Item 1.]  Petitioner
contends that his defense counsel should have and failed to object
to the application of a career offender enhancement during his
sentencing in light of the Supreme Court's decision in

Carachuri-Rosendo v. Holder, --- U.S. ---, 130 S.Ct. 2577 (2010).[1]
The Government has filed an answer, arguing that Plaintiff's claim
is without merit and does not warrant an evidentiary hearing.  [Docket
Item 4.]  The Court finds as follows:

    1.   In June 2011, Petitioner pled guilty to a charge of
conspiracy to possess with intent to distribute heroin, which carried
a maximum sentence of 20 years imprisonment.  The Probation Office
classed Petitioner as a career offender under the United States
Sentencing Guidelines, with a recommended Guidelines Range of 151-188
months.  Petitioner's attorney moved for — and was granted — a downward
departure on the grounds that Petitioner's classification as a career
offender over-represented the seriousness of his criminal history,
pursuant to § 4A1.3 of the United States Sentencing Guidelines,
lowering the recommended range to 140-175 months.  The Court further
granted a downward variance pursuant to 18 U.S.C. 3553(a), imposing
a final sentence of 96 months imprisonment.

    2.   Plaintiff's petition was timely filed because it was filed
within one year of "the date on which the judgment of conviction
becomes final," pursuant to 28 U.S.C. § 2255(f).  This Court sentenced
petitioner on January 3, 2012.  Petitioner filed the present Motion

---

[1] The Court notified Petitioner of his opportunity to amend and assert
any additional § 2255 claims as required by United States v. Miller,
197 F.3d 644 (3d Cir. 1999) [Docket Item 2], and Petitioner's reply
to the Miller notice indicated that he would not be raising any
additional claims.  [Docket Item 3].

on April 24, 2012.  As the present motion is timely, there is no need for the Court to consider Petitioner's argument that equitable tolling is warranted.[2]

    3.    While Petitioner's claims are properly within the purview of § 2255, the grounds for collateral attacks on final judgments are narrowly limited.  See United States v. Addonizio, 442 U.S. 178, 184 (1979).  To prevail on a claim of ineffective assistance of counsel, Petitioner must be able to demonstrate that (1) counsel's performance was so deficient as to deprive the defendant of the representation guaranteed to him under the Sixth Amendment of the United States Constitution; and that (2) the deficient performance prejudiced the defense by depriving the defendant of a fair trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Although sentencing does not concern a defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing [also] can result in prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'"  Lafler v. Cooper, 132 S.Ct. 1376, 1385-86 (2012) (quoting Glover v. United States, 531 U.S. 198, 203 (2001)).  To demonstrate prejudice, Petitioner must show "that there is a

_____

[2] Petitioner evidently borrowed language from another source and wrote in his Reply Brief: "Davila's filing of a Carachuri claim should be held diligent requiring that equitable tolling be applied, and (4) that any decision which applies Carachuri to this Circuit would constitute an extraordinary circumstance, hence, such lack of decision applying Carachuri to the Circuit is a circumstance beyond Davila's control that prevented him from filing on time. [sic]" Pet'r's Reply 4.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)(quoting Strickland, 466 U.S. at 694).

4.    The Court concludes that Petitioner has failed to satisfy the prejudice prong of Strickland, because the error of which Petitioner complains had no effect on the sentence imposed. Petitioner's claim of ineffective assistance of counsel rests wholly on the fact that, had his lawyer argued the applicability of Carachuri-Rosendo, the Court would have ruled that Petitioner was not a career offender, and therefore would have subjected him to a reduced sentencing range.  However, as the United States correctly argues, the cases are dissimilar and inapposite and therefore, even if Counsel had argued the applicability of Carachuri-Rosendo, the outcome of Petitioner's sentencing would not have been different. In other words, the Supreme Court's ruling in Carachuri-Rosendo was addressing a different law than that controlling prisoner sentencing, and even if counsel had made an objection based on Carachuri-Rosendo during sentencing it would not have impacted the Court's decision.

5.    Carachuri-Rosendo, decided by the Supreme Court in 2010, concerned the Immigration and Nationality Act (INA).  Jose Angel Carachuri-Rosendo, a legal permanent resident, faced deportation proceedings following his second conviction under Texas law for a

misdemeanor drug offense.  The INA gives the Attorney General the power to cancel the removal of legal permanent residents where the alien, <u>inter alia</u>, has not been convicted of any aggravated felony. 8 U.S.C. § 1229b.

6.    Under Texas law, the maximum possible sentence for Carachuri-Rosendo's crime did not rise to the sufficient level for the crime to constitute an "aggravated felony" under the INA. However, under federal law a recidivism enhancement would have elevated his maximum possible sentence to a level sufficient for the crime to constitute an "aggravated felony".  Though Carachuri-Rosendo was convicted in a state court, the Immigration Court treated his second conviction as if it had been hypothetically tried on the federal level (and therefore constituted an aggravated felony).  Carachuri-Rosendo appealed, and the Supreme Court found that the Immigration Court had erred in treating the defendant as if he had been convicted under federal law when he had not been. <u>Carachuri-Rosendo</u>, 130 S.Ct. at 1589.

7.    Petitioner contends that "based on <u>Carachuri's</u> principle that prior crimes have to have been punishable by a term of imprisonment exceeding one year, hence, since Davila's prior predicate convictions only exposed him to 6 months imprisonment they should not have been used federal as aggravated felonies. [sic]"[3]

---

[3] The Court assumes this to be a reference to the <u>Carachuri-Rosendo</u>

Pet. To Vacate 5.  Petitioner, in his reply, further expands upon this concept.  He contends that his prior sentences should not be viewed as federal felonies exceeding a one-year term of imprisonment because the state court judge did not sentence him in excess of one year. Petitioner argues that defining his prior convictions based on their maximum possible sentence, as opposed to the actual sentence, is a violation of "well-established federalism principle[s]" and an instance of the outlawed "hypothetical approach. [sic]" Pet'r's Reply 2.  The Court disagrees with Petitioner's argument.

8.   A defendant qualifies as a career offender under the Federal Sentencing Guidelines, in part, if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S. Sentencing Guidelines Manual § 4B1.1(a) (2011).  The term "prior felony conviction" within the context of §4B1.1(a) is defined as a "prior adult federal or state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and <u>regardless of the actual sentence imposed</u>." U.S. Sentencing Guidelines Manual §4B1.2 cmt. n.1 (2011)(emphasis added).

9.   Petitioner's two prior convictions were for violations of N.J. Stat. Ann. § 2C:35-7, a crime of the third degree.  Under New

---

Opinion's discussion of 18 U.S.C. § 3559(a), the federal sentencing classifications of offenses.

Jersey law, crimes of the third degree are punishable with a prison sentence of between three and five years. N.J.S.A. § 2C:43-6(a). Though Petitioner did not receive sentences between three and five years, the Sentencing Guidelines consider whether an offense is, in fact, "punishable by . . . imprisonment for a term exceeding one year," not whether the offense is actually "punished by . . . imprisonment for a term exceeding one year." Thus, though Petitioner was not sentenced to over one year of imprisonment, the fact that his convictions each were punishable by imprisonment of more than one year renders his prior convictions felonies for the purposes of career offender status under § 4B1.1(a) of the U.S. Sentencing Guidelines, as this Court determined at sentencing.

10.  Had the Sentencing Guidelines required the Court to consider whether Petitioner had been charged with an "aggravated felony" under federal law, and had the Court then attempted to convert state-level crimes to the "hypothetically equivalent federal felony," Petitioner would be right to claim Carachuri-Rosendo to be relevant. However, the Sentencing Guidelines only require that the maximum sentence for a predicate criminal conviction at the federal or state level be greater than one year, not that the predicate crimes had to be "aggravated felonies". Thus, Carachuri-Rosendo, had it been raised during the sentencing, would nonetheless have had no bearing on the outcome of the sentencing; the law it addresses — the INA —

is wholly separate from those defining career offender status under the Sentencing Guidelines, and there are no similarities in the laws' statutory definitions.

11.   As <u>Carachuri-Rosendo</u> is not applicable to the matter at hand, Petitioner's counsel was right not to address it at the sentencing.  Counsel's failure to object to career offender enhancement on these grounds (1) was not deficient in any respect, and certainly was not so deficient as to deprive Petitioner of his constitutionally guaranteed representation, and (2) did not plausibly impact the outcome of the sentencing.[4]  Even if counsel had objected on those grounds, the argument would have had no legal weight and therefore would not have changed the result of the sentencing.

12.   Subsection (b) of 28 U.S.C. § 2255 calls for a prompt hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); <u>see United States v. Costanzo</u>, 625 F.2d 465, 470 (3d Cir. 1980)(holding that a § 2255 petition may be denied without an evidentiary hearing where it raises no legally cognizable claim or the factual matters

---

[4] Moreover, Petitioner's counsel at sentencing successfully argued for a downward departure on the ground that the career offender designation overstated the seriousness of Petitioner's actual record, and counsel further successfully argued for a downward variance, based on Petitioner's prior record and circumstances of this case, resulting in a sentence that was about six years less than the middle of the otherwise applicable Guideline Range for a career offender. This again confirms the competency of counsel in raising all reasonable and available arguments on Mr. Davila's behalf.

raised by the motion may be susceptible to resolution through the district judge's review of the motion and records in the case). Here, the Court does not find it necessary to hold an evidentiary hearing. The entirety of Petitioner's claim of ineffective counsel rests on counsel's failure to object to the imposition of the career offender enhancement based on Carachuri-Rosendo. The Court has already rejected this argument. There are no remaining questions of fact or law for the Court to consider.

13. Based on the foregoing reasons, the Court denies Petitioner's motion to vacate, set aside, or correct sentence, and the accompanying Order will be entered.

14. Because reasonable jurists would not disagree on the determination herein the case presents no substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1).


**July 6, 2012**                               **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge

9